# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JABAA, LLC, a Maine Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> FOOT LOCKER, INC., a New York Corporation, <br><br> Defendant. | Civil Action No. 2:21-cv-00234 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Jabaa, LLC (hereinafter "Jabaa"), states for its Complaint against Foot Locker, Inc., (referred to herein as "Defendant" or "Foot Locker"), as follows:

## INTRODUCTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## THE PARTIES

2. Plaintiff Jabaa is a Maine limited liability company with its principal place of business located at 12 Dexter Rd, Garland, ME.

1

3. Jabaa is the successor-in-interest to the rights of Biometric Associates, LP in U.S. Patent No. 7,480,637. Biometric was co-founded by Mr. Doug Kozlay, who previously worked for the National Security Agency of the United States Department of Defense. Mr. Kozlay is the named inventor on several identity and security related patents, including the '637 patent.

4. On information and belief, Defendant is a New York corporation with a principal place of business at 330 W. 34th St., New York, New York 10001.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271, *et seq*.

6. This Court has personal jurisdiction over Defendant on the grounds that Defendant has minimum contacts with the State of Texas, and Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas. For example, Defendant offers to sell and ship products into the State of Texas and this Judicial District through its smartphone apps, including Foot Locker, Kids Foot Locker, Champs Sports, and Footaction, and on information and belief has sold products into the State of Texas and this Judicial District utilizing

its infringing apps. The infringing apps indicate that they are published by Defendant. Defendant also has stores located in the State of Texas and this Judicial District, including, for example, Foot Locker stores located at 6155 Eastex Freeway, Suite B-272, Beaumont, TX 77706; 4601 Broadway, Space F-15, Tyler, TX 75703; 3500 McCain Road, Space 11, Longview, TX 75605; 6121 West Park Blvd., Ste C-106, Plano, TX 75093; and 2601 Preston Road, Ste 1252, Frisco, TX 75034; Champs Sports stores located at 4601 S. Broadway, Space F-25, Tyler, TX 75703; 6155 Eastex Freeway, Suite 110, Beaumont, TX 77706; 3100 Hwy 365, Ste 176, Port Arthur, TX 77642; 2400 Richmond Rd, Ste 55, Texarkana, TX 75503; and 2601 Preston Rd, Suite 2108, Frisco, TX 75034; and Footaction stores located at 3500 McCain Rd, Suite F03, Longview, TX 75605; and 2400 Richmond Rd, Ste 121, Texarkana, TX 75503. These stores are listed on websites owned by Defendant, including https://www.footlocker.com; https://www.champssports.com; and https://www.footaction.com, and are also listed in Defendant's infringing apps as locations where customers can pick up products purchased using the infringing apps.

      7.      Further, this Court has personal jurisdiction over Defendant because Defendant has placed its infringing app into the stream of commerce; knew or should have known that its infringing app would have been downloaded in Texas;

and Defendant's conduct and connections with the State of Texas are such that it could reasonably foresee being haled into court within the State of Texas and this Judicial District, including through the sale and offer for sale of products via its infringing app.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this Judicial District.

## JABAA'S U.S. PATENT NO. 7,480,637

9. On January 20, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,480,637, entitled "Internet Transaction Authentication Apparatus, Method, And System For Improving Security Of Internet Transactions." A true and correct copy of U.S. Patent No. 7,480,637 is attached hereto as Exhibit "A." A true and correct copy of the prosecution history for U.S. Patent No. 7,480,637 is attached hereto as Exhibit "B."

10. Jabaa is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 7,480,637 (hereinafter the "'637 Patent"), including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

### No Claim Of Jabaa's '637 Patent Is Abstract

11. The claims of Jabaa's '637 Patent are focused on an advance over the prior art such that their character as a whole is not directed to excluded subject matter, such as an abstract idea, or any other subject matter excluded under 35 U.S.C. § 101.

12. In fact, the Patent Office determined that the combinations claimed in the claims of Jabaa's '637 Patent are novel and nonobvious.

13. The advancement claimed in the claims of Jabaa's '637 Patent includes, *inter alia*, a biometric customer authentication apparatus for improving online transaction security and for assuring the identity of a customer, comprising, for example, an electronic enclosure including a fingerprint sensor disposed thereupon and transaction security software resident within and executing on said at least one processor further comprising biometric fingerprint authentication software for authenticating authorized customers and also comprising cryptographic transaction authentication software for authenticating transactions. Such a combination was not well-understood, routine, or conventional. And such a combination constitutes a tangible, specific, concrete invention.

### The Inventions Claimed In Jabaa's '637 Patent Were Not Well-Understood, Routine, Or Conventional

14. Prior to the invention(s) claimed in Jabaa's '637 Patent, a portable

device that implemented a fingerprint sensor and all aspects of authentication did not exist. A portable device that was further able to perform cryptographic operations and retain a user's identity also did not exist.

15. Personal, mobile, portable Internet Transaction Authentication devices that are capable of providing a secure identification device that uses fingerprint biometrics to authenticate an authorized user and that also uses strong cryptography to reduce the risk of fraud were not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

16. Personal, mobile, portable Internet Transaction Authentication devices that are capable of transmitting a cryptographically encapsulated data message that irrefutably identifies an enrolled customer, while identifying the apparatus and biometrically authenticating the customer also were not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

17. Personal, mobile, portable Internet Transaction Authentication devices that are able to successfully respond to a cryptographic challenge issued by one or more external systems, such as one or more authentication service providers or financial institutions also were not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

18. Personal, mobile, portable Internet Transaction Authentication devices

that provide a wireless version of the ITA which is capable of securely communicating with merchant point-of-presence transactions processing machines and upstream external systems also were not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

19. Personal, mobile, portable Internet Transaction Authentication devices that provide a "Card Present"-equivalent level of assurance of legitimacy of an ITA transaction and provide assurances equal to or better than an actual physical "Card Present" transaction also were not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

20. The inventions claimed in the '637 Patent address one or more of these failings in the art as it existed prior to the '637 Patent, including, for example, claim 1:

> 1. A biometric customer authentication apparatus for improving online transaction security and for assuring the identity of a customer, comprising:
>
> an electronic enclosure including a fingerprint sensor disposed thereupon and further including an external communications interface;
>
> at least one processor comprised within said enclosure and coupled to said fingerprint sensor;
>
> transaction security software resident within and executing on said at least one processor further comprising biometric fingerprint authentication software for authenticating authorized customers and also comprising cryptographic transaction authentication software for authenticating transactions;

> at least one of a memory and a communications buffer coupled to said at least one processor and further coupled to said external communications interface; and
>
> a communications subsystem coupled into said external communications interface for relaying data messages between at least one external system and said apparatus.

The invention recited in claim 1 was not well-understood, routine, or conventional as of the priority date of Jabaa's '637 Patent.

### COUNT I: DIRECT INFRINGEMENT OF THE '637 PATENT

21. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

22. Defendant has made, used, sold, offered for sale, or imported products that incorporate one or more of the inventions claimed in the '637 Patent.

23. For example, Defendant has infringed at least claim 1 of the '637 Patent, either literally or under the doctrine of equivalents, in connection with, for example, its use of the Foot Locker, Kids Foot Locker, Champs Sports, and Footaction apps, as detailed in the preliminary claim chart attached as Exhibit "C." On information and belief, Defendant uses and has used the app in an infringing manner in connection with testing the app and in using the app on a customer's device to complete purchases.

24. Defendant's infringing activities have been without authority or

license under the '637 Patent.

25. By letter dated June 25, 2021, Plaintiff provided Defendant a copy of the '637 Patent and also told Defendant that Defendant's Foot Locker, Kids Foot Locker, Champs Sports, and Footaction apps are covered by the '637 Patent. *See* Exhibit "D." As a result, Defendant has had actual notice and knowledge of Defendant's alleged infringement of the '637 Patent since no later than June 28, 2021, when Jabaa's letter was received by Defendant.

26. Despite actual notice of the '637 Patent, Defendant has and continues to infringe the '637 Patent.

27. On information and belief, as Defendant deliberately avoided confirming Defendant's high probability of wrongdoing, Defendant has and continues to directly infringe at least claim 1 of the '637 Patent with willful blindness.

28. Defendant's direct infringement of the '637 Patent has been, and continues to be, willful and deliberate, entitling Jabaa to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees pursuant to 35 U.S.C. § 285.

29. Jabaa has and continues to suffer damages as a direct and proximate result of Defendant's direct infringement of the '637 Patent and will suffer additional and irreparable damages unless Defendant is permanently enjoined by

this Court from continuing its infringement. Jabaa has no adequate remedy at law.

30. Jabaa is entitled to: (i) damages adequate to compensate it for Defendant's direct infringement of the '637 Patent, which amounts to, at a minimum, a reasonable royalty; (ii) treble damages; (iii) attorneys' fees; (iv) costs; and (v) an injunction.

## COUNT II: INDIRECT INFRINGEMENT OF THE '637 PATENT

31. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

32. Defendant has in the past and continues to indirectly infringe at least claim 1 of the '637 Patent in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including customers and end users, by encouraging and instructing their customers to use the Foot Locker, Kids Foot Locker, Champs Sports, and Footaction apps in a manner understood and intended to infringe the '637 patent. For example, Defendant instructs its customers to utilize the Foot Locker, Kids Foot Locker, Champs Sports, and Footaction apps in an infringing manner, including encouraging customers to pay for a purchase using the Google Pay link found in Defendant's app and utilizing fingerprint authentication.

33. Defendant also has in the past and continues to indirectly infringe at

least claim 1 of the '637 Patent in violation of 35 U.S.C. § 271(c) by actively, knowingly, and intentionally contributing to an underlying direct infringement by other persons, such as Defendant's patrons, customers, and end users, by offering and providing Defendant's Foot Locker, Kids Foot Locker, Champs Sports, and Footaction apps for download without authority or license from Plaintiff and in a manner understood and intended to infringe the '637 Patent. For example, Defendant knows that the fingerprint-authentication technique provided in Defendant's app in connection with Google Pay is both patented and infringing, is not a staple article, and has no substantial non-infringing use.

34. On information and belief, as Defendant deliberately avoided confirming its high probability of wrongdoing, Defendant has and continues to induce and contribute to the direct infringement of at least claim 1 of the '637 Patent with willful blindness.

35. Defendant's indirect infringement of the '637 Patent has been, and continues to be, willful and deliberate, entitling Jabaa to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees pursuant to 35 U.S.C. § 285.

36. Jabaa has and continues to suffer damages as a direct and proximate result of Defendant's indirect infringement of the '637 Patent and will suffer additional and irreparable damages unless Defendant is permanently enjoined by

this Court from continuing its infringement. Jabaa has no adequate remedy at law.

37. Jabaa is entitled to: (i) damages adequate to compensate it for Defendant's indirect infringement of the '637 Patent, which amounts to, at a minimum, a reasonable royalty; (ii) treble damages; (iii) attorneys' fees; (iv) costs; and (v) an injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

a. A declaration that Defendant has infringed the '637 Patent;

b. That Defendant be enjoined from further infringement of the '637 Patent pursuant to 35 U.S.C. § 283;

c. That Defendant be ordered to pay damages adequate to compensate Plaintiff for Defendant's infringement of the '637 Patent pursuant to 35 U.S.C. § 284;

d. That Defendant be ordered to pay Plaintiff treble damages pursuant to 35 U.S.C. § 284;

e. That Defendant be ordered to pay prejudgment interest pursuant to 35 U.S.C. § 284;

f. That Defendant be ordered to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

g.	That Defendant be ordered to pay Plaintiff's attorneys' fees pursuant to 35 U.S.C. § 285;

h.	That Plaintiff be granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

This 29th day of June, 2021.

    Respectfully submitted,

*/s/ Cortney S. Alexander*
Stephen R. Risley
Telephone: 404-585-2101
Email: steverisley@kentrisley.com
Cortney S. Alexander
Telephone: 404-855-3867
Email: cortneyalexander@kentrisley.com

KENT & RISLEY LLC
5755 North Point Parkway
Suite 57
Alpharetta, Georgia 30022

Attorneys for Plaintiff